```
                 IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEBRASKA

BALWINDER KAUR, Individually,    )
and BHUPINDER KAUR MALIK, as     )
Personal Representative of       )
the Estate of Satpal Singh,      )
                                 )
              Plaintiffs,        )         4:08CV3210
                                 )
       v.                        )
                                 )
MAKHAN SHAN LUBANA TRUST, a      )         MEMORANDUM AND ORDER
California corporation,          )
SATNAM SINGH BUTTAR, an          )
Individual, and GHALLY           )
TRUCKING, LIMITED, a Canadian    )
Business Entity,                 )
                                 )
              Defendants.        )
                                 )
```

On its own motion, the court is considering whether diversity jurisdiction exists for this case.

The plaintiffs, Balwinder Kaur, individually, and Bhupinder Kaur Malik, as Personal Representative of the Estate of Satpal Singh, filed suit against the defendants on June 16, 2008 in the District Court of Dawson County, Nebraska. The plaintiffs' state court complaint alleges that on August 9, 2006, Satpal Singh, a California resident, was a passenger in a vehicle driven by Rashpal Singh and owned by the defendant, Makhan Shan Lubana Trust, a California corporation. The plaintiffs allege Satpal Singh was working in his capacity as an employee of the trust while riding in the vehicle.

Rashpal Singh allegedly lost control of the vehicle, the vehicle turned on its side, and it landed in the left lane of interstate traffic. The plaintiffs claim Rashpal and Satpal Singh were not seriously hurt in this accident, but five or ten

minutes later, the disabled vehicle occupied by Rashpal and Satpal Singh was struck by a vehicle owned by defendant Ghally Trucking, Limited, and driven by defendant Satnam Singh Buttar. Ghally Trucking is allegedly a Canadian business with its principal place of business in Abbotsford, British Columbia; defendant Buttar is a resident of Canada. As a result of the collision with the Ghally Trucking vehicle, Rashpal and Satpal Singh were killed. The plaintiffs allege Satpal Singh's death was caused by the negligence of Ghally Trucking, Limited and its employee, Satnam Singh Buttar. Filing No. 1. The plaintiffs have not alleged any negligence by or claim for recovery against named defendant, Makhan Shan Lubana Trust.

Defendant Ghally Trucking removed the plaintiffs' action to this forum on October 14, 2008. Ghally Trucking claims the court has federal diversity jurisdiction.

Ghally Trucking's removal notice states:

-- Ghally Tucking was personally served no earlier than September 26, 2008.
-- "Ghally Trucking, Limited is a <u>limited corporation</u> organized under the laws of a state other than California with its principal place of business in Abbotsford, British Columbia, Canada." Filing No. 1, at CM/ECF p. 2, ¶ 5(b)(emphasis added).
-- The California Secretary of State's office lists the mailing address for the Trust as 9553 Priest Road, French Camp, California, 95231, the mailing address listed for Satpal Singh on the State Patrol accident report.

> -- Makhan Shan Lubana Trust is a California corporation and was fraudulently joined as a defendant to avoid federal diversity jurisdiction or, in the alternative, must be re-aligned as a plaintiff based on an inference that this defendant is named solely for purposes of protecting a workers' compensation lien or similar subrogation interest.

On February 26, 2009, the court entered an order requiring the plaintiffs to show cause why the defendants who were not yet served, including the Makhan Shan Lubana Trust, should not be dismissed for lack of service.  Filing No. 8.  The plaintiffs have not responded to this order.  The court's order further required defendant Ghally Trucking to show that all defendants consented to removal.  There is nothing of record showing that either Buttar or the Makhan Shan Lubana Trust were served with the plaintiff's complaint, and neither they nor Ghally Trucking have filed a notice indicating Buttar and the trust consent to removal.  The citizenship of an unserved defendant cannot be ignored when assessing diversity.  Pecherski v. General Motors Corp., 636 F.2d 1156, 1161 (8th Cir. 1981)("[A] court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service.").  However, an unserved defendant need not consent to removal by a served defendant.  Wright v. Mo. Pac. R.R. Co., 98 F.2d 34, 35-36 (8th Cir. 1938) ("It is the general rule that a non-resident defendant, although he is charged jointly with other defendants, need not be joined in removal if he has not been served with summons."); Roberts v. Palmer, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005)("It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal.")(collecting cases).

If the trust is properly named as a defendant, the court lacks diversity jurisdiction because Satpal Singh was a California resident and the trust is a California entity. Ghally Trucking claims, however, that the Makhan Shan Lubana Trust was fraudulently joined as a defendant or has a claim for recovery of amounts adjudged owed to the plaintiffs by Ghally Trucking and, as such, should be realigned as a plaintiff. The plaintiffs have not responded to Ghally Trucking's claims of improper joinder or misalignment of parties, and they have not moved to remand the case. Notwithstanding plaintiffs' failure to move for remand, the court has a duty to establish subject matter jurisdiction over a removed action sua sponte. United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). The district court's duty to determine the existence of subject matter jurisdiction is not contingent upon the parties' arguments, and the plaintiffs' failure to object to removal cannot be interpreted as stipulating to the jurisdiction of this court. Mitchell v. Maurer, 293 U.S. 237 (1934).

With respect to assessing whether diversity jurisdiction exists, and whether the trust is a true defendant that must consent to removal, the court specifically notes that plaintiffs' complaint does not assert any right or claim for recovery against the Makhan Shan Lubana Trust, and the plaintiffs have apparently never served the trust. In determining whether a defendant has been improperly joined, the court's paramount consideration is whether a reasonable basis exists for the underlying state claim against the non-diverse defendant. Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against that defendant. Menz v. New Holland North America, Inc., 440 F.3d 1002, 1004 (8th Cir. 2006). Since the plaintiffs' complaint mentions the Makhan Shan Lubana Trust, but fails to

allege any factual allegations, legal theories, or claims for recovery against the trust, and the plaintiffs have failed to serve the trust, the court has a significant basis for concluding the trust was improperly named as a defendant, with one potential reason being an attempt to avoid federal jurisdiction. If the trust was not properly named as a defendant, its failure to consent to removal does not bar this court from exercising diversity jurisdiction. Ross v. Thousand Adventures of Iowa, Inc., 178 F.Supp. 2d 996, 999-1000 (S.D.Iowa 2001). See also, Kinney v. Stevens Appliance Truck Co., 2006 WL 1026914, 4 (E.D. Mo. 2006). Moreover, "nominal defendants, those 'against whom no real relief is sought,' need not join in the petition." Thorn v. Amalgamated Transit Union, 305 F.3d 826, 833 (8th Cir. 2002).

The court has an obligation to assess jurisdiction and defense claims of fraudulent joinder before remanding a case to the state court. See, Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003)("[T]he court must simply determine whether there is a reasonable basis for predicting that the state's law might impose liability against the defendant."). That process is thwarted, however, when the plaintiffs' complaint states no claim, and no facts to support a claim against the non-diverse defendant and, although possessing superior knowledge regarding their basis for naming a non-diverse entity as a defendant, the plaintiffs fail to apprise the court of information relevant to the jurisdictional inquiry.

The court has an obligation to exercise federal jurisdiction when it is properly invoked. Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 187 (1959). In cases removed to federal court, the defendant bears the burden of proving the court has jurisdiction. Central Iowa Power Co-op. v. Midwest Independent

5

Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). The facts of record reveal no claim was alleged against Makhan Shan Lubana Trust, the trust was never served, the plaintiffs have not responded to Ghally Trucking's claim of fraudulent joinder, and they have not filed a motion for remand. Such circumstances can justify a finding of fraudulent joinder. Johnson v. Tyson Fresh Meats, Inc., 2006 WL 1004970, 4 (N.D. Iowa 2006)(holding plaintiffs' unexplained failure to serve the newly named defendants and commencing discovery without their names included in the caption evidenced plaintiffs' attempt to destroy complete diversity by adding non-diverse defendants).

However, since the court is considering this matter sua sponte, the plaintiffs should be afforded an opportunity to respond. Moreover, plaintiffs' counsel, as an officer of the court, is required to assist the court in determining whether jurisdiction exists.

> As officers of the court, lawyers who practice in federal court have an obligation to assist the judges to keep within the boundaries fixed by the Constitution and Congress; it is precisely to impose a duty of assistance on the bar that lawyers are called "officers of the court." Lawyers also owe it to the judge and the opposing lawyer to avoid subjecting them to the burdens of a lawsuit that they know or think may eventually be set at naught, and have to be started over again in another court, because of a jurisdictional problem of which the judge and the opposing lawyer may be unaware.

BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 551 (7th Cir. 2002).

The plaintiffs will be ordered to file evidence and a supporting brief explaining why the trust was named as a defendant and the basis of any claim the plaintiffs may be

6

asserting against the trust. Absent such information, the court will assume the plaintiffs admit Makhan Shan Lubana Trust was named as a defendant in their state court complaint, but at the time the complaint was filed and at the time of removal, the plaintiffs were not, and had no reasonable basis for alleging a liability claim against the trust.[1]

The court further notes that in its notice of removal, Ghally Trucking describes itself as a "limited corporation" organized under the law of a state other than California with its principal place of business in British Columbia. The "limited corporation" structure of Ghally Trucking is unknown under the facts alleged. Ghally Trucking's allegations are sufficient to allege the citizenship of a corporation, but would not be sufficient if Ghally Trucking is a limited liability company. For the purposes of determining diversity federal jurisdiction, the citizenship of a limited liability company is based on the citizenship of its members. GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 828 (8th Cir. 2004).

Ghally Trucking will be required to file a brief and, if appropriate, evidence clarifying the "limited corporation" status of Ghally Trucking, and if it is subject to the ruling set forth in GMAC Commercial Credit, must file an amended notice of removal alleging the citizenship of its members/owners. If Ghally Trucking concludes an amended notice is not required, its brief shall explain the basis for reaching that conclusion.

---

[1] The court must conclude it has subject matter jurisdiction before it can enter an order dismissing any of the unserved defendants. Therefore, the court will not currently rule of plaintiffs' failure to respond to the show cause order issued on February 26, 2009.

7

IT THEREFORE HEREBY IS ORDERED:

1. On or before May 18, 2009, the plaintiffs shall file a brief and, if appropriate, evidence explaining why Makhan Shan Lubana Trust was named as a defendant and the basis of any claim the plaintiffs may be asserting against this named defendant.  The absence of any response will be construed as an admission that at the time their complaint was filed and at the time of removal, the plaintiffs were not and had no reasonable basis for alleging a liability claim against the Makhan Shan Lubana Trust.

2. On or before May 18, 2009, Ghally Trucking will be required to file a brief and, if appropriate, evidence clarifying the "limited corporation" status of Ghally Trucking, an amended notice of removal alleging the citizenship of Ghalley Trucking's members/owners, or if no such amended notice is required, a brief explaining Ghalley Trucking's position.

3. Any responsive briefs shall be filed on or before June 1, 2009.

4. Reply briefs shall not be filed absent leave of the court for good cause shown.

DATED this 5th day of May, 2009.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge